UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM ISNER and TERI ISNER,

      Plaintiffs,

v.                                                Case No:  6:12-cv-1575-Orl-28TBS

JPMORGAN CHASE BANK, N.A.,
STATE STREET BANK AND TRUST
COMPANY and WASHINGTON MUTUAL
MORTGAGE SECURITIES
CORPORATION MORTGAGE PASS-
THROUGH CERTIFICATE SERIES
2002-MS3,

      Defendants.

_____

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's (sic)

Complaint, or in the Alternative, for a More Definite Statement.  (Doc. 13).  Plaintiffs have

filed a response in opposition to the motion.  (Doc. 18).  For the following reasons, I

respectfully recommend that the Court grant Defendants' motion and dismiss Plaintiffs'

Complaint without prejudice, with leave to amend.

    **I.**    **Background**

This is a diversity action to quiet title to property ("Property") owned by Plaintiffs,

located at 208 East 5th Avenue, Windermere, Florida 34786; for a declaration of Plaintiffs'

rights; and damages for fraud against all named Defendants.  (Doc. 1).  Plaintiffs allege

that in exchange for a $238,000 loan, they executed a promissory note ("Note") and

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

mortgage ("Mortgage") in favor of Mortgage Solution of Central Florida, Ins.  (Doc. 1 ¶ 25).  Within thirty days of the transaction, Mortgage Solution sold the Note to a "Sponsor." (Id.).  The unnamed Sponsor sold the Note to Washington Mutual Mortgage Securities Corporation, which pooled it with five hundred other mortgage notes that were sold to a trust identified as Defendant Washington Mutual Mortgage Securities Corporation Mortgage Pass-Through Certificate Series 2002-MS3 (the "Trust").  (Id. ¶ 25(f)).[2] According to a Pooling and Servicing Agreement for the Trust, all promissory notes purchased by the Trust are "dissolved and become income streams for investors in the Trust. " (Id. ¶ 25(h)).  Defendant State Street Bank and Trust Company acts as Trustee for the Trust.  (Id. ¶ 25(g)).

The Trust purchased mortgage default insurance from AIG Insurance Company ("AIG").  (Id. ¶ 26).  The insurance policy provides that the Trust can apply to AIG for payment of any loan that is in default, defined as a loan in which the mortgagors fail to make three consecutive payments.  (Id. ¶ 28).  Plaintiffs defaulted on the Note and Mortgage.  (Id. ¶ 29).  The Trustee reported the default to AIG, which compensated the Trust by paying the outstanding balance due on the Note.[3]  (Id.).  After AIG paid the Note, Defendant JP Morgan Chase Bank, N.A., the "Master Servicer" for the Trust, sent Plaintiffs statements requesting Note payments.  (Id. ¶ 44).  Plaintiffs assert that because AIG paid the Note it no longer exists, the Mortgage is invalid, and Defendants have no interest in the Property.  (Id. ¶¶ 29 and 34).  Many of Plaintiffs' allegations are based

---

[2] Later in the complaint Plaintiffs state that AIG purchased the Note.  (Doc. 1 ¶ 45).
[3] Plaintiffs allege only that the Trustee sought to have AIG pay off the remainder due on the Note.  They allege no facts that would imply that the Note was in fact paid in full by AIG other than the conclusory statement: "As such, Plaintiffs claim the promissory note . . . has been paid -off in full." For purposes of this Report and Recommendation, I will assume that the Trustee filed its claim under the default insurance policy and AIG paid the remaining balance due on the Note.

upon a Closed Loan Forensic Loan Securitization Legal Chain of Title and Analysis Report ("Report") they obtained from a company called Audit Pros Inc. (Doc. 1-1). They attached eight pages of the fifty-page Report to their Complaint. (Id.) (Doc. 1). In their motion to dismiss, Defendants argue that Plaintiffs' complaint does not satisfy the general pleading requirements in Fed.R.Civ.P. 8 or the heightened pleading requirements for fraud found in Fed.R.Civ.P. 9.

## II.   Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The federal rules do not require "detailed factual allegations" but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering a motion to dismiss under Fed.R.Cvi.P. 12(b)(6), the Court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). All well pleaded factual allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334,

1336 (11th Cir. 2006).  The Court should dismiss the complaint if, assuming the truth of the factual allegations, there is a dispositive legal issue which precludes relief.  Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Generally, pro se pleadings are held to a less stringent standard and are liberally construed.  Alba v. Montford, 517 F.3d 1359, 1269 (11th Cir. 2008).  However, "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading."  RJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010)).

### III.    Shotgun Pleading

Plaintiffs are representing themselves in this action.  Their pro se status may explain why they filed a shotgun complaint.  A shotgun pleading is one in which each count incorporates all of the preceding paragraphs.  By "incorporating by reference the allegations of its predecessors," the allegations of a shotgun complaint lead "to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  Here, Count II implicitly incorporates all the averments of Count I and Count III expressly incorporates Counts I and II.  (Doc. 1, ¶¶ 36-43).  The Eleventh Circuit instructs that when the Court is faced with a shotgun pleading it should be stricken and the plaintiff should be required to re-plead to the extent possible under Fed.R.Civ.P. 11. Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).

### IV.    Failure to State a Claim under Fed.R.Civ.P. 8(a)  against JP Morgan

In Count I, Plaintiffs allege in conclusory fashion that "each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants,

and each of them, and in doing the things alleged herein below, were acting within the

course and scope of such agency, employment and/or joint venture." (Doc. 1 at 11).

Once these legal conclusions are eliminated all that is alleged about Defendant

JPMorgan Chase Bank is that it is the Master Servicer of the Note. (Doc. 1 at 7).

Plaintiffs do not allege what it means to be the Master Servicer or that this Defendant

owns or holds the Note or Mortgage. Accordingly, Plaintiffs improperly included

Defendant JPMorgan Chase Bank in Count I to quiet title to the Property.

V.    **Failure to Meet the Heightened Standard Under Rule 9**

In addition to the pleading requirements set forth by Rule 8(a), a party must allege

a claim of fraud with particularity. Fed.R.Civ P. 9; Am. Dental Ass's v. Cigna Corp., 605

F.3d 1283, 1291-92 (11th Cir. 2010). Particularity requires that a plaintiff assert "(1)

precisely what statements were made in what documents or oral representation or what

omissions were made, (2) the time and place of each such statement and the person

responsible for making (or, in the case of omissions, not making) same, (3) the content of

such statements and the manner in which the misled the plaintiff, and (4) what the

defendants obtained as a consequence of the fraud." Infante v. Bank of America Corp.,

468 F. App'x 918, 919-920 (11th Cir. 2012) (quoting Ziemba v. Cascade Int'l Inc., 256

F.3d 1194, 1202 (11th Cir. 2001)). Plaintiffs allege fraud against all Defendants.

However, they do not allege that they were misled by any representations or omissions

made by any Defendant or that they were induced to act in any way in response to any

alleged misrepresentation or omission. Plaintiffs also do not assert how Defendants

profited as a result of Plaintiffs' reliance on Defendants' misrepresentations and

omissions.

Count III is also defective because with the exception of statements they allegedly

received from Defendant JPMorgan Chase Bank after AIG paid the Note, Plaintiffs have not alleged any purported misrepresentations or omissions by any Defendant.  The who, what, when where and how are missing, and consequently, Plaintiffs' complaint leaves the Defendants uninformed as to the nature of their alleged participation in the purported fraud.  See Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1381(11th Cir. 1997) (quoting with approval Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 778 (7th Cir. 1994)).  Because Plaintiffs fail to allege the "who, what, when, where, and how" required to satisfy the heightened pleading standard required under Rule 9, Plaintiffs fail to adequately state a claim of fraud as to all Defendants.  See Serefex Corp. v. Hickman Holdings, LP, 695 F.Supp. 2d 1331, 1342 (M.D. Fla. 2010).

## VI.   Attorney's Fees

Plaintiffs request attorney's fees in Count I of their Complaint.  Because Plaintiffs are proceeding pro se, they are not entitled to attorney's fees.  Kay v. Ehrler, 499 U.S. 432, 434-435. 111 S.Ct. 1435, 113 L.Ed 486 (1991).  Accordingly, I recommend that Plaintiffs' request for attorney's fees be stricken from the Complaint.  If Plaintiffs' engage an attorney they can seek leave of Court to amend their Complaint to include a prayer for fees.

## VII.   The Report

Defendants request that if the Court grants Plaintiffs leave to amend that it also compel Plaintiffs to attach a complete copy of the Report to their Amended Complaint. Plaintiffs have not responded to this issue and thus Defendants request is unopposed. The Report is not a paper upon which Plaintiffs' claims are founded and it contains matter not appropriate for inclusion in a complaint.  Accordingly, I recommend the Court deny Defendants' request.  If they are interested in a full copy of the Report they can seek it in

discovery.

### VIII.   Recommendation

Upon due consideration, I respectfully recommend that the Court:

1.  Strike Plaintiffs' Complaint as a shotgun pleading.

2.  Dismiss Count I of Plaintiffs' Complaint against Defendant JPMorgan Chase Bank without prejudice, for failure to state a claim upon which relief may be granted.

3.  Dismiss Count III of Plaintiffs' Complaint against all Defendants without prejudice.

4.  Strike Plaintiffs' request for attorney's fees from their Complaint.

5.  Deny Defendants' request that Plaintiffs be ordered to attach a complete copy of the Report to Plaintiffs' Amended Complaint.

6.  Grant Plaintiffs 21 days leave to file and serve their Amended Complaint.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on January 15, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

       Presiding United States District Judge
       Counsel of Record
       Unrepresented Parties